DAVIS *v.* PERRY.

Opinion delivered October 30, 1897.

CHATTEL MORTGAGE—WITHDRAWAL FROM FILES.—A chattel mortgage was delivered to the recorder with the indorsement, "This instrument is to be filed." Before a year expired the mortgagee withdrew the instrument from the files, and caused it to be recorded. *Held,* that the withdrawal of the mortgage was unauthorized, and its subsequent record constituted no notice to third persons. (Page 370.)

Appeal from Cleburne Circuit Court.

JAMES S. THOMAS, Judge.

STATEMENT BY THE COURT.

On the 30th day of January, 1891, J. W. Williams, a resident of Cleburne county, executed to W. E. Davis a chattel mortgage conveying two mules to secure certain indebtedness due Davis. On the 4th day of March, 1891, Davis endorsed the mortgage, "This instrument is to be filed," and on the same day it was filed by the clerk of Cleburne county, Davis paying to the clerk the fee for filing such mortgage. On the 2d day of March, 1892, Davis withdrew the mortgage from the files as a filed mortgage, and had it recorded on the record for deeds and mortgages in Cleburne county. On the 15th day of February, 1894, Williams conveyed the same mules by deed of trust to S. Perry, trustee, to secure a debt he owed Robbins, Sandford & Co., and said deed was filed for record in the recorder's office of Cleburne county on October 24, 1894. Afterwards, in the fall of 1894, Davis had his mortgage foreclosed, bought the mules at the sale, and took possession of them. Perry brought replevin against Davis for the mules.

under his deed of trust. At the trial Perry introduced his trust deed, showed that his debt was unpaid, and that the mules sued for were the mules mentioned in said deed. Davis, the appellant, testified that he bought the mules at public sale under his mortgage, and that at the time his debt was unpaid; that he paid more than two-thirds of the appraised value, etc. The appellant offered his mortgage in evidence, and the appellee objected to its introduction, for the reason that, having been at one time a filed mortgage, it could not thereafter become a legally recorded mortgage. The objection was sustained, and the mortgage was not introduced. The appellant saved his exceptions to this ruling of the court. Judgment was rendered for appellee, and this appeal is taken.

*J. H. Harrod*, for appellant.

A mortgage is a lien on property from the time the same is filed for record. Sand. & H. Dig. § 5091. The fact that the mortgage was filed under the act of 1877, before it was recorded under § 5091, etc., is immaterial. It is the *record* that gives life to the lien. Davis had the right, the option, of extending the lien of his mortgage by filing the affidavit required within thirty days of the expiration of one year, or by by filing it for *record*. It was *recorded* long before appellee's mortgage was executed. Creditors could not be misled or injured.

WOOD, J., (after stating the facts.) The only question in the case, as stated by counsel for appellant, is: Did Davis have a valid mortgage as against appellee? The act of March 10, 1877 (Mansfield's Digest, §§ 4750–4758), which was in force from that time till March 22, 1893, provides:

"Sec. 4750. Whenever any mortgage * * * shall be filed with any recorder in this state upon which is indorsed the following words: '*This instrument is to be filed but not recorded*,' and which indorsement is signed by the mortgagee, his agent or attorney, the said instrument, when so received, shall be marked 'Filed' by the recorder, with the time of filing, upon the back of such instrument; and he shall file the same in his office, and it shall be a lien on the property therein described from the time of filing, and the same shall be kept there for the

inspection of all persons interested, and said instrument shall be thenceforth notice to all the world of the contents thereof without further record, except as hereinafter provided.

"Sec. 4751. Every mortgage so indorsed and filed shall be void as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year after the filing thereof, unless within thirty days next preceding the expiration of one year from such filing, and each year thereafter, the mortgagee, his agent or attorney, shall make an affidavit exhibiting the interest of the mortgagee at the time last aforesaid claimed by virtue of such mortgage, and if the mortgage is to secure the payment of money, the amount yet due and unpaid. * * *

"Sec. 4752. A copy of any such original instrument, so indorsed and filed as aforesaid, including any affidavit made in pursuance of this act, certified by the recorder, * * * shall be received in evidence in all suits or proceedings to which it may be applicable. * * *

"Sec. 4756. * * * This act shall not be so construed as to apply to any instrument which shall not be endorsed by the mortgagee as aforesaid.

"Sec. 4757. All * * * mortgages of personal property, filed in any recorder's office in any county in this state, upon which is indorsed 'This instrument is to be filed but not recorded,' may be withdrawn by the mortgagee if such mortgage be cancelled or satisfied, and the recorder shall make a minute of such withdrawal, cancellation or satisfaction on the book required to be kept to enter such mortgages * * * under the head of 'Remarks.'

"Sec. 4758. In all cases where such mortgages or deeds of trust have been cancelled or satisfied, the recorder may allow such instrument to be withdrawn from the files of his office by either the mortgagee or mortgagor."

The mortgage of Davis, not having been renewed in the manner prescribed by the statute, was void as to subsequent *bona fide* mortgagees after the expiration of one year from its filing. There was only one mortgage, one lien, which began from the filing of the mortgage, and continued thereafter for one year. The only way to keep the lien of this filed mortgage alive after

the period of one year was to follow the method pointed out. It is clear that the withdrawing this mortgage and recording it was but an attempt to continue beyond the period of one year the lien which began when it was first made a filed mortgage. It was the same instrument, the same sum, the same property. Certainly the recording of it could not be said to create any new or additional lien. It was not tantamount to giving a new mortgage, for the mortgagor was not consulted. The law provided in unequivocal terms the only way for placing that filed mortgage on the footing of a new mortgage at the end of a year from its filing, viz., by making the affidavit for renewal, etc. That method had to be strictly pursued to give notice to subsequent mortgagees. *Biteler* v. *Baldwin*, 42 Ohio St. 125; *Cooper* v. *Koppes*, 45 Ohio St. 625.

The mortgagee had his option, in the first instance, to place his mortgage on record, or to make it simply a filed mortgage under this statute. It was clearly the purpose of the legislature to compel him to make his election when he presented his mortgage to the recorder. This is indicated by requiring him to indorse on the back of the mortgage he wished to file, "This instrument is to be filed, but not recorded." It is equally clear, we think, when he had once made his mortgage a filed mortgage, that he could not, *ad libitum*, change or destroy the effect of such action as notice to the parties mentioned in the statute, and substitute a different notice. This is shown by the two last sections of the act, *supra*, which provide that filed mortgages "may be withdrawn by the mortgagee if such mortgage be *cancelled or satisfied*," and "in all cases where such mortgages or trust deeds have been *cancelled or satisfied*, the recorder may allow such instrument to be withdrawn from the files of his office by either the mortgagee or mortgagor." Under these sections the mortgagee had no power to withdraw his mortgage unless the same had been *cancelled or satisfied*, nor had the clerk the power to permit the withdrawal except upon these conditions. Had the legislature not intended to prohibit a withdrawal where the mortgagee desired to record the filed mortgage, it would have been an easy matter, and a most reasonable and natural thing, for them to have made that one of the conditions of withdrawal. They have not done so. This is at least a strong impli-

cation that the legislature intended to prohibit the withdrawal of filed mortgages for the purpose of recording same, or for any other purpose, where same had not been cancelled or satisfied. They had the whole subject in hand, and expressly named the conditions for withdrawal. It seems to us it would require considerable judicial interpolation to say that these provisions did not intend to restrict the right of the mortgagee to withdraw a mortgage he had previously filed, for the purpose of having same recorded. If this be not so, why was it necessary in the first instance, if he wished the mortgage filed to have him indorse, "This instrument is to be filed, but not recorded?" Why should he be required to make any indorsement at all? Why did they not say that if he wanted his mortgage filed but not recorded, he could hand to the clerk, with verbal instructions to that effect? Or why use the unnecessary words "but not recorded," when "this instrument is to be filed" would have been all-sufficient to designate it for the purpose of filing simply. Chattel mortgages that were intended for record did not require any indorsement at all. The fact that the legislature required the indorsement to be made by the mortgagee in writing on the back of the mortgage, and that they prescribed the very words to be used, indicated that they regarded the choice that was to be made by the mortgagee as to the method of notice to the parties named in the act as an important matter. And the words themselves, "This instrument to be filed, but not recorded," indicated that when once made a filed mortgage, it was not thereafter to be recorded.

The judgment of the circuit court is therefore correct, and it is affirmed.